```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
DENNIS KONSTANTOPOULOS,                                 :
                                                        :
                        Plaintiff,                      :      16-CV-7754 (JMF)
        -v-                                             :
                                                        :      MEMORANDUM OPINION
CITY OF NEW YORK et al.,                                :      AND ORDER
                                                        :
                        Defendants.                     :
                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/19/2017

JESSE M. FURMAN, United States District Judge:

Plaintiff Dennis Konstantopoulos, a former state pretrial detainee proceeding *pro se*, alleges in this action that his constitutional rights were violated when he was forced to wear standard-issue Department of Correction ("DOC") footwear. (Docket No. 14-2 ("SAC"), at 2). In particular, Konstantopoulos alleges that he is flat-footed and requires special support footwear, yet was forced to wear institutional footwear for approximately twenty-one months. (*Id*. at 3). He asserts that the DOC footwear caused him "extreme pain" in the "knees, feet, and lower back," for which he received "psyal [sic] therapy," as well as "mental damages, depression and anxiety and sleeping disorders," for which he received psychiatric medication. (*Id.*). He seeks $17,000,000 in damages "for cruel and unusual punishment and psycal [sic] and mental permanet [sic] damages." (*Id.*). Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Konstantopoulos's claims.

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). Additionally, where, as here, the plaintiff is proceeding *pro se*, the Court is obligated to construe the complaint liberally. *See, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). To survive a Rule 12(b)(6) motion, however, a

1

plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). If the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

Applying those standards here, Konstantopoulos's claims fail as a matter of law. To state a claim for the unconstitutional denial of medical care, a pretrial detainee must allege "deliberate indifference to his serious medical needs." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (brackets omitted). Among other things, therefore, a plaintiff must allege that the "deprivation of adequate medical care" was "'sufficiently serious.'" *Spavone v. N.Y.S. Dep't of Corr. Servs.*, 719 F.3d 127, 139 (2d Cir. 2013) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006)). To meet that standard, the plaintiff's medical condition must be one "of urgency, one that may produce death, degeneration, or extreme pain." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). Put another way, a successful claim of deliberate indifference requires a showing of "an extreme level of discomfort or risk of exacerbated injury before the condition is viewed as serious enough to support a constitutional claim." *Black v. Petitinato*, No. 16-CV-3941 (BMC) (RLM), 2016 WL 3983590, at *4 (E.D.N.Y. July 25, 2016).

Significantly, "courts in this Circuit have consistently found that pain and other problems resulting from being forced to wear institutional footwear are not sufficiently serious" to meet the foregoing standards. *Stevens v. City of N.Y.*, 12-CV-3808 (JMF), 2013 WL 81327, at *3 (S.D.N.Y. Jan. 8, 2013), *aff'd*, 541 F. App'x 111 (2d Cir. 2013) (summary order). In *Jones v. Ng*, No. 14-CV-

2

1350 (AJP), 2015 WL 998467 (S.D.N.Y. Mar. 5, 2015), for instance, the plaintiff alleged that denial of orthopedic footwear resulted in "swelling of his left foot bunion with an abscess that [had] fluid and [was] painful," as well as "daily walking impact trauma inflicted on his right knee, broken orthopedic hardware, left hip/femur, mid shift residual cavity." *Id.* at *7 (internal quotation marks and brackets omitted). Nevertheless, the Court granted the defendants' motion for summary judgment, finding that those injuries were not sufficiently serious to state a constitutional claim. *See id.* at *9. Similarly, in *Williams v. Department of Corrections*, No. 11-CV-1515 (SAS), 2011 WL 3962596 (S.D.N.Y. Sept. 7, 2011), the Court dismissed the plaintiff's claims of injuries arising out of institutional footwear, holding that his allegation of "extreme pain" was "little more than a conclusory statement that is insufficient to state a claim" and that such discomfort neither offended "contemporary standards of decency [n]or pose[d] an excessive risk to a prisoner's health or safety." *Id.* at *4. Allegations that institutional footwear caused constant pain, "pinched nerves, sores, calluses, bleeding heels, and back and leg problems" have likewise been held to fall short. *Stevens*, 2013 WL 81327, at *1, 3; *see also, e.g.*, *Hernandez v. Goord*, No. 02-CV-1704 (DAB), 2006 WL 2109432, at *6 (S.D.N.Y. July 28, 2006) (dismissing a plaintiff's claims, even though his injured foot was "undoubtedly painful" and impeded his ability to walk, because his injury did not render him "completely dysfunctional").

These cases compel dismissal of Konstantopoulos's claims. Like the plaintiff in *Williams*, Konstantopoulos does little more than allege in conclusory fashion that the deprivation of specialized footwear (by unnamed DOC personnel, no less) caused him "extreme pain" and "mental disorders." (SAC 3). That falls short of the kind of specific allegations of serious injury that courts have, in the rare extreme case, held sufficient to survive a motion to dismiss. *See, e.g.*, *Walker v. Schriro*, No. 11-CV-9299 (JPO), 2013 WL 1234930, at *14 (S.D.N.Y. Mar. 26, 2013) (denying a motion to dismiss where the plaintiff alleged that the deprivation of medically authorized footwear

caused injuries that required being taken to the hospital and receiving prescribed painkillers, and that rendered "certain prerequisites to prison life" difficult and "significantly affect[ed the plaintiff's] daily activities").  It follows that Konstantopoulos's Fourteenth Amendment claims must be dismissed.  That, in turn, requires dismissal of his municipal liability claim against the City of New York pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  *See, e.g.*, *Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) (summary order) ("Because [Plaintiff] was unable to establish an underlying violation of his constitutional rights . . . , his . . . *Monell* claim necessarily fail[s] as well."); *see also, e.g.*, *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) (holding that where a district court had found no underlying constitutional violation, it was correct not to have addressed the municipal defendant's liability under *Monell*).

The only remaining question is whether Konstantopoulos should be given yet another opportunity to amend his complaint.  Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Here, leave is unwarranted for several reasons.  First, the problem with Konstantopoulos's claims is likely "substantive" and, thus, "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Second, Konstantopoulos was already granted leave to amend three times: once to provide greater factual detail (*see* Docket No. 5), a second time to name John and Jane Doe defendants (*see* Docket No. 8), and a third time to cure any deficiencies identified in Defendants' motion to dismiss, (*see* Docket No. 22).  Moreover, on the last occasion, the Court expressly warned Konstantopoulos that he would not be given any additional opportunity to amend later.  (Docket No. 22).  In response, Konstantopoulos did submit an "Affidavit of Service of Sworn Testimony," but it fails to allege any new facts that would cure the deficiencies in the operative Second Amended Complaint.  (Docket No. 23). Finally, Konstantopoulos "has not

4

requested permission to file a [further] Amended Complaint, nor has [he] given any indication that [he] is in possession of facts that would cure the problems identified in the instant motion to dismiss." *Reynolds v. City of Mount Vernon*, No. 14-CV-1481 (JMF), 2015 WL 1514894, at *5 (S.D.N.Y. Apr. 1, 2015) (internal quotation marks omitted).

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and Konstantopoulos's claims are dismissed in their entirety.[1] Further, Konstantopoulos is denied leave to amend his complaint yet again. And because any appeal from this Memorandum Opinion and Order would not be taken in good faith, *in forma pauperis* status is denied. *See* 28 U.S.C. § 1915(a)(3); *see also Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Konstantopoulos, to terminate Docket No. 18, and to close the case.

SO ORDERED.

Dated: October 19, 2017
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] In light of the foregoing, the Court need not and does not reach Defendants' other arguments for dismissal: that Konstantopoulos fails to satisfy the second, subjective prong of the deliberate-indifference-to-medical-needs test and that he fails to sufficiently identify any of the individual Defendants. (Docket No. 18, at 12-17). Either argument, however, would provide an alternative ground for dismissal of Konstantopoulos's claims.